IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GFRS EQUIPMENT LEASING FUND II LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:18-CV-2250-L** |
| DIANE TRANG NGUYEN, NGUYENCAT DOAN VO, THANH TRAN, PHILLIP PHAM, SHERMAN TRINITY SPA, LLC, THE TRINITY SPA, LLC, and T.T. SPA PLUS,[1] | § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff GFRS Equipment Leasing Fund II, LLC's ("Plaintiff" or "GFRS") Motion for Default Judgment Against Defendants Trang Nguyen, Sherman Trinity Spa, LLC (Doc. 18), filed November 29, 2018. After careful consideration of the motion, memorandum of law, record, and applicable law, the court **grants in part and denies in part** Plaintiff's Motion for Default Judgment Against Defendants Trang Nguyen, Sherman Trinity Spa, LLC.

### I.    Factual Background

On August 24, 2018, GFRS filed this action against Defendants Diane Trang Nguyen ("Nguyen"), Nguyencat Doan Vo ("Vo"), Thanh Tran ("Tran"), Hoa Minh Pham[2] ("Pham"), Sherman Trinity Spa, LLC ("Sherman Spa"), The Trinity Spa, LLC ("Trinity Spa"), and T.T. Spa Plus ("T.T. Spa Plus") (collectively, "Defendants"). On April 25, 2019, GFRS filed the First

---

[1] On April 24, 2019, the court granted the parties' Agreed Stipulation of Dismissal, which terminated Tran and T.T. Spa Plus as defendants due to a compromise and settlement of the claims reached between the parties. *See* Doc. 28.

[2] The Original Complaint used the misnomer "Phillip Pham" rather than the correct name, "Hoa Minh Pham." The correction to this defendant's name was made in the First Amended Complaint. The court will use the name Hoa Minh Pham when referring to this defendant.

Amended Complaint ("Amended Complaint") to correct Pham's name; the Amended Complaint is otherwise substantively identical to the Original Complaint ("Original Complaint"). The Amended Complaint asserts claims against Nguyen for breach of the Sherman Trinity lease agreements and its accompanying guaranty agreement, and breach of the Tiffany Nails lease agreement (counts 1, 2, and 3); a claim against Nguyen and Vo for breach of the guaranty agreement accompanying the Tiffany Nails lease agreement (count 4); claims against Nguyen, Vo, Tran, T.T. Spa Plus, and Trinity Spa for fraud, unlawful misappropriation of funds under the Texas Theft Liability Act, and a civil RICO violation based on the predicate offense of wire fraud (claims 5, 6, and 9); and claims against all Defendants for unjust enrichment, civil conspiracy, and RICO conspiracy (claims 7, 8, and 10).

With respect to the remaining Defendants, the Amended Complaint alleges that GFRS is a company that leases equipment to business entities. In this case, it leased nail salon equipment to Defendants pursuant to several lease agreements, which were accompanied by guaranty agreements. Pl.'s Am. Compl., Doc. 31 ¶¶ 11, 13. Nguyen allegedly represented to GFRS that she was acting as a broker on behalf of the lessees and personal and corporate guarantors of the leases. *Id*. ¶ 43. Nguyen requested that GFRS purchase the nail salon equipment from a vendor, T.T. Spa Plus. *Id*. ¶ 44. On or about December 7, 2017, GFRS alleges that it initiated a wire transfer to T.T. Spa Plus in the amount of $680,500 to purchase the requested equipment. *Id*. ¶ 45. The lessees were expected to directly receive the equipment from T.T. Spa Plus by delivery to the locations set forth in the leases. *Id*. ¶¶ 46-47.

Defendants subsequently defaulted on all the leases. *Id*. ¶ 48. GFRS contends that it sent the lessees, the guarantors, and Nguyen a notice of default and demand letter on March 23, 2018. *Id*. One of the listed guarantors who purportedly signed the leases was an individual named Thy Mong Hoang ("Hoang"). In response to the notice of default and demand letter, GFRS received a

**Memorandum Opinion and Order – Page 2**

letter from attorney Jonathan Keeler, indicating that he represented Hoang and informing GFRS that Hoang had been the subject of identity theft with respect to the leases. *Id*. ¶ 49. The letter stated that Hoang did not sign the leases, and any signature purporting to be Hoang was, therefore, fraudulent. *Id*. Hoang subsequently executed a sworn affidavit stating she was not familiar with GFRS and did not execute any of the documents in connection with the leases. *Id*. ¶ 50.

GFRS alleges that Nguyen forged Hoang's signature on the leases and other accompanying documents. *Id*. ¶ 51. GFRS alleges that Nguyen and Codefendant Vo fraudulently entered into the leases with the intent of causing GFRS to tender a payment of $680,500 to T.T. Spa Plus for the equipment that Defendants requested. *Id*. ¶ 52. GFRS alleges that, after it tendered the payment, either of two scenarios occurred: (1) Nguyen and Vo canceled the equipment order and directed T.T. Spa Plus to issue a refund payment to them, or (2) Nguyen and Vo instructed T.T. Spa Plus to not place GFRS's equipment order and transfer to them GFRS's tendered payment. *Id*. ¶¶ 52-53.

GFRS alleges that, on December 8, 2017—the day after it wired the payment to T.T. Spa Plus—T.T. Spa Plus issued four cashier's checks made payable to Vo, each in the amount of $50,000. *Id*. ¶ 56. On that same day, T.T. Spa Plus also allegedly made a wire transfer to Trinity Spa in the amount of $200,000 and a second wire transfer to Sherman Trinity Spa in the amount of $270,000. *Id*. ¶ 58. GFRS alleges that T.T. Spa Plus retained the remaining funds as compensation for its participation in the scheme, as well as for use as a "deposit" for future orders of equipment. *Id*. ¶¶ 59-60. GFRS alleges that Vo, using the funds transferred to him by T.T. Spa, paid Nguyen approximately $102,000 using the money he received from T.T. Spa Plus as compensation for her participation in the scheme. *Id*. ¶ 61.

Since GFRS filed the Original Complaint on August 24, 2018, and the Amended Complaint on April 25, 2019, Defendants Nguyen, Trinity Spa, and Sherman Trinity Spa have not filed an

**Memorandum Opinion and Order – Page 3**

answer or otherwise responded in this action. On October 24, 2018, GFRS requested that the clerk enter default as to Nguyen, Sherman Trinity Spa, and Trinity Spa, which the clerk subsequently did. On November 29, 2018, GFRS filed the Motion for Default Judgment against these Defendants. The Motion for Default Judgment does not seek relief against Defendants Vo or Pham.

## II. Discussion

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id*.; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court has entered a default against Defendants Nguyen, Trinity Spa, and Sherman Trinity Spa, and GFRS now requests the court to enter a final default judgment as to all claims asserted against them in the Amended Complaint.[3]

To date, Defendants Nguyen, Trinity Spa, and Sherman Trinity Spa have not responded to or otherwise defended against GFRS's claims in this lawsuit. By failing to answer or otherwise respond to Defendant's counterclaims, Defendants Nguyen, Trinity Spa, and Sherman Spa have admitted the well-pleaded allegations of the counterclaims asserted in the Amended Complaint and are precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Stated differently, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc*., 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). Accordingly, Defendants may not contest the "sufficiency of the evidence" on appeal but "[are] entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Id.*

---

[3] Although the Motion for Default Judgment was filed prior to GFRS's filing of the Amended Complaint and references the Original Complaint, the Amended Complaint, as previously noted by the court, is substantively identical to the Original Complaint aside from correcting one of the defendant's names. Moreover, Defendants Nguyen, Trinity Spa, and Sherman Trinity Spa have not answered or appeared in this action since the Amended Complaint was filed on April 25, 2019.

When an action "presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). When, however, one of multiple defendants has defaulted, "judgment should generally not be entered against the defaulting defendant until the matter has been adjudicated as to all defendants," especially in situations where several defendants are alleged to be jointly liable. *Underwriters at Lloyds, Syndicate 4242 v. Turtle Creek Partnership, Ltd.*, No. 4:14-CV-702, 2010 WL 5583118, at *2 (S.D. Tex. Feb. 26, 2019) (citing *Frow v. De La Vega*, 82 U.S. 552, 553 (1872)); *Great Am. Assur. Co. v. Wills*, No. SA-10-CV-353-XR, 2010 WL 4007330, at *1 (W.D. Tex. Oct. 12, 2010). This court has previously declined to enter default judgment against a defendant who was alleged to have conspired with codefendants against whom claims remained pending. *Beta Health Alliance MD PA v. Mukuro & Assocs. Law Firm*, No. 3:09-CV-1401-L, 2010 WL 1685847, at *2 (N.D. Tex. Apr. 26, 2010). The court noted that, "While there is no Fifth Circuit authority precisely on point, other courts have held that entering default judgment and awarding damages on conspiracy claims while the alleged coconspirators' claims remain is error." *Id*. The court applied the approach used by other courts that "a court may enter default as to liability, but . . . it should not enter judgment as to damages to prevent inconsistent damages." *Id*. (citations omitted).

Accordingly, with respect to the claims alleged against Defendants in this action for civil conspiracy and RICO conspiracy, the court will defer entering judgment as to damages on these claims until the claims against Vo and Pham are resolved. The court will likewise defer entering judgment as to damages for breach of the guaranty agreement accompanying the Tiffany Nails lease agreement because the claim is asserted against both Nguyen and Vo, and Vo is not a defendant against whom GFRS moves for default judgment. The court will also defer entering

judgment as to damages for fraud, unlawful misappropriation of funds under the Texas Theft Liability Act, and RICO conspiracy, as these claims are asserted against all Defendants named in this matter, and GFRS seeks joint and several liability with respect to these claims. As to Defendants against whom GFRS moves for default judgment, the court will enter judgment as to liability with respect to the claims asserted against them, based upon the record, evidence, and applicable law.

The court determines, based on the well-pleaded allegations in the Amended Complaint, that Nguyen is liable for breaching the Sherman Trinity leases and accompanying guaranty agreement, and is liable to GFRS in the amount of $642,131.60. The court determines that Nguyen is liable for breaching the Tiffany Nails lease agreement and accompanying guaranty agreement but defers entering a judgment as to damages because a claim against Vo for breach of the guaranty agreement is pending. The court also determines that Nguyen and Trinity Spa are liable for violating the Texas Theft Liability Act under § 134.003 of the Texas Civil Practice and Remedies Code and, for the reasons previously stated, declines to enter judgment as to damages. Finally, the court determines that Nguyen and Trinity Spa committed fraud as defined by Texas common law and, for the reasons previously stated, declines to enter judgment as to damages.

With respect to GFRS's claims against Nguyen, Trinity Spa, and Sherman Trinity Spa for civil conspiracy, the court determines that the Amended Complaint fails to establish the elements for this alleged cause of action. Under Texas law, the elements of civil conspiracy are: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." *Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, No. 17-0630, 2019 WL 1495211, at *4 (Tex. Apr. 5, 2019) (citing *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983)). Civil conspiracy "is not an independent tort" and "requires an underlying tort that has caused damages." *Id*. (citing *Tilton v.*

*Marshall*, 925 S.W.2d 672, 681 (Tex. 1996)). Accordingly, "[c]ivil conspiracy depends entirely on the injury caused by the underlying tort; the injury is the damage from the underlying wrong, not the conspiracy itself." *Id*. at *3 (citing *Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.*, 435 S.W.2d 854, 856 (Tex. 1968)). The Amended Complaint does not assert a claim based in tort against Sherman Trinity Spa. The Amended Complaint does, however, assert a claim against Nguyen and Trinity Spa for fraud, for which the court has determined they are liable. The Amended Complaint, however, fails to set forth sufficient facts for the court to reasonably infer that a meeting of the minds took place between these two Defendants; at most, the allegations set forth that Sherman Trinity Spa received $270,000 of the misappropriated funds from T.T. Spa Plus. Pl.'s Amend. Compl., Doc. 31 ¶ 63. The Amended Complaint states in conclusory fashion that Sherman Trinity Spa's owner, Codefendant Pham, "was aware of the Fraudulent Lease Scheme, and participated in that scheme (individually and on behalf of Sherman Trinity Spa)." *Id*. This allegation is insufficient to show that Pham and Nguyen had a meeting of the minds to accomplish a fraudulent act; it merely demonstrates that Pham was a beneficiary of it. Accordingly, the court **denies** the motion for default judgment with respect to the civil conspiracy claim asserted against Sherman Trinity Spa, Nguyen, and Sherman Trinity Spa.

With respect to GFRS's claims against Nguyen, Trinity Spa, and Sherman Trinity Spa for a civil RICO violation based on the predicate offense of wire fraud and for civil RICO conspiracy, the court **denies** GFRS's motion for default judgment because the allegations in the Amended Complaint are not well-pleaded and fail to establish these claims. To prove a civil RICO violation under 18 U.S.C. § 1962(c), a plaintiff must establish that there has been (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). "Racketeering activity" under RICO must consist of two or more predicate offenses, defined by the statute to include any act indictable under certain enumerated federal

criminal statutes, including 18 U.S.C. § 1343 (which concerns wire fraud). *Word of Faith World Outreach Center Church, Inc. v. Sawyer*, 90 F.3d 118, 112 (5th Cir. 1996)). To establish a "pattern" of racketeering activity, a plaintiff "must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." *Id*. "Continuity is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or past conduct that by its nature projects into the future with a threat of repetition." *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 241 (1989) (citation omitted). "A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time." *Id*. "Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct." *Id*. Liability in a RICO action "depends on whether the threat of continuity is demonstrated." *Id*. (citation omitted).

In this case, the court determines that GFRS has not adequately pleaded the continuity requirement for alleging that Defendants engaged in racketeering activity. GFRS, rather, has alleged a fraudulent scheme whereby Nguyen, purporting to be a broker on behalf of purportedly fictitious lessees and guarantors, entered into a series of leases on November 21, 22, and 28, 2017, with the alleged fraudulent intent to default on lease payments. Pl.'s Am. Compl., Doc. 31 at 4-5. Nguyen, pursuant to these agreements, requested that GFRS purchase nail salon equipment from the vendor T.T. Spa Plus. *Id*. at 8. On or about December 7, 2017, GFRS made a wire transfer in the amount of $680,500 to T.T. Spa Plus. *Id*. T.T. Spa Plus subsequently transferred portions of the $680,500 wire transfer to the defendants; the only specific date alleged for these subsequent transfers is December 8, 2017, when T.T. Spa Plus allegedly made a wire transfer to Trinity Spa in the amount of $200,000. *Id*. at 10. Based on these allegations, the court concludes that the alleged fraudulent activity by Defendants occurred over a closed period between November 21,

2017, to December 8, 2017, and was a fraudulent scheme to induce GFRS to purchase lease equipment from T.T. Spa Plus in a single transaction for the amount of $680,500. The Amended Complaint does not contain any allegations that support a reasonable inference of long-term criminal conduct. For example, GFRS does not identify any other entities that have fallen victim to a similar fraudulent scheme executed by Defendants, or allege that Defendants are likely to continue committing similar fraudulent schemes. *Cf. Abraham v. Singh*, 480 F.3d 351, 356 (5th Cir. 2007) (holding that the plaintiffs had sufficiently pled "a continuity of racketeering activity, or its threat" when the defendants engaged in at least a two-year scheme involving repeated international travel to convince up to 200 or more victims to participate in a fraudulent scheme, emphasizing the finding that there were multiple victims and the criminal activity might have continued had the plaintiffs not filed the lawsuit). As GFRS has failed to adequately plead that Defendants committed predicate acts of racketeering, the motion for default judgment is **denied** with respect to civil claims asserted under RICO for wire fraud and conspiracy.

With respect to GFRS's claim against Nguyen, Trinity Spa, and Sherman Trinity for unjust enrichment, the court **denies** the motion for default judgment because unjust enrichment is not an independent cause of action under Texas law. This court has explained that, although the Texas Supreme Court has referred to "unjust enrichment claims," "those opinions do not characterize unjust enrichment as a separate cause of action from money had and received" and rather "consider it to be a general theory of recovery for an equitable action seeking restitution." *Chapman v. Commonwealth Land Title Ins. Co.*, 814 F. Supp. 2d 617, 725 (N.D. Tex. 2011). Other federal courts have arrived at the same conclusion. *See, e.g., Hancock v. Chicago Title Ins. Co.*, 635 F. Supp. 2d 539, 560 (N.D. Tex. 2009) (holding that, though the Supreme Court of Texas and other courts still occasionally refer to an "unjust enrichment claim," such opinions do not characterize it as a separate cause of action from money had and received, and "consider it to be a general

**Memorandum Opinion and Order – Page 9**

theory of recovery for an equitable action seeking restitution") (citing *Elledge v. Friberg-Cooper Water Supply Corp.*, 240 S.W.3d 869 (Tex. 2007), and *HECI Expl. Co. v. Neel*, 982 S.W.2d 881 (Tex. 1998)). Accordingly, as unjust enrichment is not an independent cause of action under Texas law, GFRS is not entitled to default judgment as to this claim.

## III. Conclusion

For the reasons set forth herein, the court **grants** Plaintiff's Motion for Default Judgment Against Defendants Trang Nguyen, Sherman Trinity Spa, LLC, and the Trinity Spa, LLC, and Incorporated Memorandum of Law (Doc. 18) in so far as it determines that: (1) Nguyen is liable for breaching the Tiffany Nails lease agreement and accompanying guaranty agreement, as well as the Sherman Trinity lease agreement and accompanying guaranty agreement; (2) Nguyen and Trinity Spa are liable for violating the Texas Theft Liability Act under § 134.003 of the Texas Civil Practice and Remedies Code; and (3) Nguyen and Trinity Spa are liable for committing fraud as defined by Texas common law. The amount of damages regarding these three matters will be determined later. The court **denies** Plaintiff's Motion for Default Judgment (Doc. 18) with respect to the unjust enrichment claim, civil conspiracy, and alleged RICO violations. Pursuant to its discretion under Federal Rule of Civil Procedure 54(b) and for the reasons set forth in this opinion, the court will defer entering judgment as to the claims for which it finds Defendants liable while claims remain pending against other Codefendants in this action. The remaining claims pending against Codefendant Vo are breach of the guaranty agreement for the Tiffany Nails Lease, a violation of the Texas Theft Liability Act, fraud, unjust enrichment, civil conspiracy, and civil RICO violations. The remaining claims against Codefendant Pham are unjust enrichment, civil conspiracy, and civil RICO violations.

**It is so ordered** this 1st day of August, 2019.

_____
Sam A. Lindsay
United States District Judge