UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GFRS EQUIPMENT LEASING FUND II LLC, | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 3:18-CV-2250-X |
| DIANE TRANG NGUYEN, et al., | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is plaintiff GFRS Equipment Leasing Fund II LLC's (GFRS) Amended Motion for Attorney's Fees against defendants Diane Trang Nguyen and Trinity Spa, LLC (Trinity). [Doc. No. 58.] Previously, the Court granted GFRS's motion for default judgment against Nguyen and Trinity for breach of contract, violations of section 134.003 of the Texas Civil Practices and Remedies Code, and common-law fraud. [Doc. No. 54.] Then, GFRS moved for attorney's fees and costs pursuant to Texas law. [Doc. No. 55.] The Court denied without prejudice GFRS's motion and required GFRS to submit itemized time records substantiating its motion. [Doc. No. 56.] So GFRS filed an amended motion with itemized time records. [Doc. No. 58.]

Unfortunately, GFRS's amended motion is also deficient. GFRS appears to be asking the Court to award attorney's fees and costs against *all* defendants for *all*

claims that GFRS prosecuted in this case. (Other than Nguyen and Trinity, there were six other defendants at some point(s) in this litigation.)

For example, on page 25 of GFRS's amended motion, GFRS seeks $308.00 for work that was apparently neither exclusively about defendants Nguyen and Trinity (and the claims on which the Court granted default against them) nor about claims against other defendants that were intertwined with Nguyen and Trinity (and the claims on which the Court granted default against them).

| | | | | | | |
|---|---|---|---|---|---|---|
| 17720.023 | 01/04/2019 | 12 A | 280.00 | 1.10 | 308.00 | Ph. conf. w/T.T. Spa Plus and Thanh Tran vendor's counsel Yung Sung re follow up on potential settlement discussions, focusing on second equipment order made by defendant(s), status of same, and potential available funds/valuation in connection with anticipated vendor's settlement offer; conf. w/C. Sherman re status update and strategize re impact of potential settlement on pending RICO claims; draft status summary to clients. GLOBAL FINANCIAL & LEASING SERVICES LLC |

[1]

Under Texas law, GFRS must segregate its fees and costs by defendant and claim.[2] Against Nguyen and Trinity, GFRS is entitled to only two types of fees: (1) fees incurred in pursuit of exclusively the breach of contract and section 134.003 claims[3] against Nguyen and Trinity; and (2) fees that GFRS incurred in pursuit of

---

[1] Doc. No. 58 at 25.

[2] *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313–14 (Tex. 2006) (holding that "any attorney's fees relate solely to a claim for which such fees are unrecoverable, a claimant must segregate recoverable from unrecoverable fees. Intertwined facts do not make tort fees recoverable; it is only when discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated.").

[3] GFRS also seeks attorney's fees for the common-law fraud claim. However, Texas law appears to foreclose attorney's fees for fraud claims. *See, e.g.*, *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 600, 666–667 (Tex. 2009) ("[E]ven if the [plaintiff's] fraud claim arose from a breach of contract, that is no basis for an attorney's fee award."); *Bus. Staffing, Inc. v. Jackson Hot Oil Serv.*, 401 S.W.3d 224, 243 (Tex. App.—El Paso 2012, pet. denied). GFRS is welcome to argue to the contrary in its amended motion, but it should heed *Chapa*: "For more than a century, Texas law has not allowed recovery of attorney's fees unless authorized by *statute* or *contract*." *Chapa*, 212 S.W.3d at 310 (emphasis added).

those claims against Nguyen and Trinity, with the wrinkle that the fees are also "intertwined" with work against other defendants and/or other claims.[4]

An apparent example of the first type of fees to which GFRS can seek is on page 22 of the amended motion:

| | | | | | | |
|---|---|---|---|---|---|---|
| 17720.023 | 11/28/2018 | 48 A | 250.00 | 0.70 | 175.00 | Conference with Jake Hecker to discuss issues relating to the damages portion of proposed default judgment and journal entry for default judgment and options for dealing with damages issue; review and analysis of default judgment motion in connection therewith. GLOBAL FINANCIAL & LEASING SERVICES LLC |

[5]

And an apparent example of the second type is on the same page:

| | | | | | | |
|---|---|---|---|---|---|---|
| 17720.023 | 11/28/2018 | 12 A | 230.00 | 4.60 | 1,058.00 | Review case law sent by local counsel re default judgment recovery; review draft motion for default judgment against Defendants Nguyen, Trinity and Sherman Trinity and damage computations and begin revisions to same; conf. w/C. Sherman re strategy for damages concerning contract based claims versus tort/statutory/and RICO based claims in connection with request for treble damages pursuant to RICO claims and discuss election of remedy issue; research Texas federal district court and 5th Circuit case law re alternative forms of pleadings and ability to elect damages in conjunction with same and search for case law re treble damages on RICO claims in default judgment context; continue revising draft motion for default judgment, create redline re same, and draft corr. to local counsel Paul Elkins and Bill Hicks re same highlighting key changes. |

[6]

It is not on the Court to sift through GFRS's motion and segregate the fees. So, the Court **DENIES WITHOUT PREJUDICE** GFRS's amended motion for attorney's fees. The Court **GRANTS** GFRS forty-five days from the entry of this order to file an amended motion for attorney's fees consistent with this opinion and the requirements of Texas law.

---

[4] *See Chapa*, 212 S.W.3d at 312–14.

[5] Doc. No. 58 at 22.

[6] *Id.*

**IT IS SO ORDERED** this 9th day of June, 2022.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE