UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GFRS EQUIPMENT LEASING FUND II, LLC, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:18-cv-02250-X |
| DIANE TRANG NGUYEN, et al. | § § § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff GFRS Equipment Leasing Fund II LLC's (GFRS) Second Amended Motion for Attorney's Fees and Costs against defendants Diane Trang Nguyen (Nguyen) and Trinity Spa, LLC (Trinity). [Doc. No. 61.] The Court finds that the plaintiff has properly segregated the recoverable, reasonable, and necessary fees, therefore, the Court **GRANTS** the plaintiff's motion for attorney's fees and costs.

The Court entered final judgment against Nguyen and Trinity for breach of contract, violations of section 134.003 of the Texas Civil Practices and Remedies Code, and common-law fraud. GFRS then moved for attorney's fees and costs pursuant to Texas law. The Court denied without prejudice GFRS's motion and required GFRS to submit itemized time records substantiating its motion.[1] In response, GFRS filed

---

[1] Doc. No. 56.

1

its first amended motion with itemized time records.[2] Due to deficiencies, the Court denied GFRS's first amended motion without prejudice and required GFRS to segregate its fees and costs by defendant and claim. Now, GFRS has filed a second amended motion with a redacted attorney's fee list reflecting the required segregation based on claims and defendants. Defendants filed no objections.

The Texas Theft Liability Act provides that "[e]ach person who prevails in a suit under this chapter shall be awarded court costs and reasonable and necessary attorney's fees," making fee awards mandatory.[3] Because "[s]tate law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision," Texas law applies.[4] Texas law requires recoverable and unrecoverable claims to be segregated unless "discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated."[5] The Texas Supreme Court utilizes the lodestar method for determining reasonable and necessary attorney's fees.[6] Under the lodestar method, "the fact finder's starting point for calculating an attorney's fee award is determining the reasonable hours worked multiplied by a reasonable hourly rate, and the fee claimant bears the burden of providing sufficient evidence on both counts."[7] The

---

[2] Doc. No. 58.

[3] TEX. CIV. PRAC. & REM. CODE § 134.005(b).

[4] *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

[5] *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313–14 (Tex. 2006).

[6] *Rohrmoos Venture v. UTSA DVA Healthcare, LLP*, 578 S.W.3d 469, 498 (Tex. 2019).

[7] *Id.*

Texas Supreme Court added that "[s]ufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services."[8]

In accordance with these requirements, GFRS's second amended motion and updated appendices is reasonable, sufficiently segregated, and supported by sufficient evidence. Being entitled to only two types of fees (fees incurred due to the the breach of contract and section 134.003 claims against Nguyen and Trinity, and fees incurred in pursuit of those claims against Nguyen and Trinity), GFRS decreased its request for attorney's fees and costs from $116,719.54 to $79,487.34.

For the foregoing reasons, the Court finds that GFRS is entitled to attorney's fees and costs. The Court evaluated the fee table submitted by the plaintiffs and found the entries to be sufficient and detailed. Thereby, the Court **GRANTS** GFRS's Second Amended Motion for Attorney's Fees and Costs. Nguyen and Trinity are **ORDERED** to jointly and severally pay GFRS attorney's fees of $76,649.80 and costs of $2,837.54.

**IT IS SO ORDERED** this 31st day of October, 2022.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[8] *Id.*